UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CITGO PETROLEUM CORPORATION     §
ON ITS OWN BEHALF AND AS SUBROGEE OF     §
TRICON ENERGY, LTD.     §
    §
    *Plaintiff*,     §
    §
v.     §     CIVIL ACTION H-07-2950
    §
M/T BOW FIGHTER, *et al.*,     §
    §
    *Defendants*.     §
    §

MEMORANDUM OPINION AND ORDER

Defendants Odfjell Seachem, *in personam*, and Odfjell Asia II Pte. Ltd., claimant of the M/T Bow Fighter, *in rem*, (collectively the "Odfjell Defendants") have filed a motion for entry final judgment, pursuant to Federal Rule of Civil Procedure 54(b). Dkt. 50. Having reviewed the motion, relevant filings, and applicable law, the court DENIES the Odfjell Defendants' motion for final judgment.

I. BACKGROUND

Defendant YPF, S.A. ("YPF") sold a cargo of petrochemicals to plaintiff Tricon Energy Ltd. ("Tricon"), contemplating shipment aboard the M/T Bow Fighter from La Plata, Argentina, to Houston, Texas. Dkt. 27. Due to mechanical failure, the M/T Bow Fighter and her cargo were delayed in their arrival to Houston. Dkt. 1. Plaintiff Citgo Petroleum Corporation ("Citgo"), on its own behalf and as the subrogee of Tricon, brought suit against the Odfjell Defendants and YPF on September 13, 2007, seeking damages incurred because of the delay. Dkt. 1. Citgo brought an unseaworthiness claim, pursuant to general maritime tort law, with respect to the M/T Bow Fighter,

and alleged that YPF breached its contract with Tricon by failing to deliver the cargo within the specified delivery window.  *Id.*

After considering the Odjfell Defendants' motion to dismiss in favor of arbitration and YPF's motion for summary judgment, on June 25, 2008, the court dismissed with prejudice Citgo's claims against the Odfjell Defendants and YPF.  Dkts. 9, 17, 41.  Citgo then moved for reconsideration of the dismissal of its claims.  Dkt. 42.  The court denied the motion for reconsideration as to the dismissal of the claims against the Odfjell Defendants; however, the court granted rehearing on the claims against YPF and, as a result, vacated the order dismissing those claims.  Dkt. 49.

Accordingly, on August, 28, 2008, the Odfjell Defendants moved for entry of final judgment, pursuant to Federal Rule of Civil Procedure 54(b). The Odfjell Defendants primarily argued that Citgo's tort claim against the Odjfell Defendants was separate and distinct from Citgo's breach of contract claim against YPF, thus there was no just reason for delay in the entry of final judgment. Dkt. 50. Subsequently, on November 7, 2008, YPF filed a third-party complaint against the Odfjell Defendants, alleging that the failure to maintain the M/T Bow Fighter constituted a breach of the contract of affreightment between YPF and the Odjfell Defendants and violated the common law duty to provide a seaworthy vessel. Dkt. 56.  YPF seeks indemnity, or contribution, from the Odjfell Defendants, regardless of whether Citgo prevails on its claims against YPF.  *Id.*

## II. ANALYSIS

Federal Rule of Civil Procedure 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  FED. R. CIV. P. 54(b).  Entry of final judgment in

a multiclaim action,"is left to the sound judicial discretion of the district court." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S. Ct. 1460 (1980). "Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely." *Id.* at 10.

In determining the propriety of final judgment under Rule 54(b), the court must conduct two separate inquiries. First, it must determine that the judgment is final: it disposes of an individual claim in an action involving multiple claims. Second, the court must conclude that there is "no just reason for delay in entering the final judgment." *Halliburton Energy Servs., Inc. v. NL Indus.*, No. H-05-4160, 2008 WL 2697345, *3 (S.D. Tex. July 2, 2008) (Rosenthal, J.) (citing *Curtiss-Wright Corp.*, 446 U.S. at 7–8). In the instant case, Citgo's claims against the Odjfell Defendants were dismissed with prejudice, and the motion for reconsideration was denied. Thus, the determinative inquiry is whether just reason exists for delay in the entry of final judgment.

Rule 54(b) strikes a balance between two policies: the "longstanding federal policy against piecemeal appeals" and the "injustice that might result if judgment on a distinctly separate claim were delayed until adjudication of an entire case was complete." *Dole v. Phoenix Roofing, Inc.*, 922 F.2d 1202, 1207 (5th Cir. 1991). In making the determination, the court should consider factors such as: the interrelationship of the adjudicated and unadjudicated claims; the possibility that future district court actions or determinations may moot the need for review; the possibility that a reviewing court might be required to reconsider the same issue; the existence of a claim or counterclaim that may result in a set-off; and factors such as delay, economic and solvency considerations, and the like. *Halliburton Energy Servs., Inc. v. NL Indus.*, 2008 WL 2697345, at *3 (quoting *Akers v. Alvey*, 338 F.3d 491, 495 (6th Cir. 2003)). In the instant case, the majority of factors—the relationship amongst the claims, the potential for review to be mooted, the possibility that issues will be reconsidered on

review, and the existence of pending claims against the defendant—overlap to a large extent. Therefore, the factors are addressed in conjunction with one another.

> The mere presence of [nonfrivilous claims], however, does not render a Rule 54(b) certification inappropriate.  If it did, Rule 54(b) would lose much of its utility. . . .  [T]heir significance for Rule 54(b) purposes turns on their interrelationship with the claims on which certification is sought.

*Curtiss-Wright Corp.*, 446 U.S. at 9 (internal citations omitted).  Ultimately, the question is one of the nature of the factual and legal issues.  *See id.*  "Where, as here, 'some of the same facts form the basis for several claims, the existence of separate claims for purposes of Rule 54(b) depends on an analysis of their distinctness.'"  *New Trend Foods, L.L.C. v. Kato Sushi Restaurant*, No., 2008 WL 901568, *5 (S.D. Tex. Mar. 31, 2008) (quoting *Tubos de Acero de Mex., S.A. v. Am. Int'l Inv. Corp., Inc.*, 292 F.3d 471, 485 (5th Cir. 2002)).

Although the Fifth Circuit has not "expressly adopted a method for determining 'distinctness,'" it recognizes that other circuits consider the potential for separate recoveries and focus on the underlying facts.  *Id.*  Other circuits have recognized that, where "the adjudicated and pending claims are closely related and stem from essentially the same factual allegations" entry of final judgment pursuant to Rule 54(b) may be improper.  *See, e.g., Cullen v. Margiota*, 618 F.2d 226, 228 (2d Cir. 1980). In such cases, "further proceedings on the pending causes of act [may also] illuminate appellate review of the other claims."  *Id.*

Here, Citgo's claims against YPF, and YPF's third-party claim against the Odjfell defendants, are tightly coupled.  The claims arise largely from the same series of events and will require resolution of many similar and related factual and legal issues: the nature of the various agreements between the parties; the existence and scope of duties potentially owed by the defendants; the

4

mechanical condition of the M/T Bow Fighter; and the "apportionment" of damages resulting from the delayed arrival of the cargo.

Additionally, when the court vacated its order granting summary judgment for YPF, it did so without prejudice to YPF moving for summary judgment upon conclusion of the discovery period. Dkt. 48.   At the very least, entry of final judgment for the Odjfell Defendants would be more properly considered at that time.


### III. CONCLUSION

Due to the same factual underpinnings and intertwined nature of claims pending between Citgo and YPF and between YPF and the Odfjell Defendants, entry of final judgment at this time is premature, and does not serve the interests underlying Rule 54(b).   Therefore, the Odfjell Defendants' motion for entry of final judgment  is DENIED.

It is so ORDERED.

Signed at Houston, Texas on January 28, 2009.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY