COPY
of Original

January 7, 2008

Citgo Petroleum Corporation on its own behalf
and as subrogee of Tricon Energy, Ltd.
c/o Chaffe McCall, L. L. P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300

          M/V BOW FIGHTER -
          Delay Damages Claim -
          Philadelphia/Freeport -
          March 2005 -
          Our File: 01504

Dear Sirs:

  In consideration of your refraining from seizing and agreeing not to seize or to arrest the M/V BOW FIGHTER or any ship or other property belonging to its owner or in the same beneficial ownership or management (including without limiting the generality of the foregoing charter hire or freight), by reason of the claim you are making for damages in the action referenced below, the undersigned Association hereby agrees, M/V BOW FIGHTER, lost or not lost:

(1) To cause a claim to the vessel to be filed by the owner of the M/V BOW FIGHTER in the lawsuit which you have filed in the United States District Court for the Southern District of Texas, Houston Division, styled *Citgo Petroleum Corporation on its own behalf and as subrogee of Tricon Energy, Ltd. v. M/V BOW FIGHTER, in rem, Odfjell Seachem, and YPF S.A., in personam*, C.A. No. H - 07 - 2950.

(2) In the event a final judgment (after appeal, if any) be entered in your favor against the M/V BOW FIGHTER, *in rem*, then the undersigned Association agrees to pay the lesser of (1) the said final judgment or (2) the sum of two million five hundred thousand and no hundredths United States Dollars (U.S. $2,500,000.00).

DEFENDANT'S EXHIBIT 4:07-cv-2950 (D.I. 43) Submitted as evidence only.

LETTER OF UNDERTAKING

Citgo Petroleum Corporation on its own behalf
and as subrogee of Tricon Energy, Ltd.
c/o Chaffe McCall, L. L. P.

Page 2
January 7, 2008

(3)   In the event of a settlement, where the M/V BOW FIGHTER has settled as an *in rem* defendant, then the undersigned Association (or the vessel owner as agreed substitute) agrees to pay the M/V BOW FIGHTER's agreed portion of the settlement regardless of whether a final judgment or arbitration award has been rendered.

(4)   Upon written demand, to cause to be filed in said action, a bond in the form and sufficiency of surety satisfactory to you or to the Court to secure payment of the amount agreed in Subdivision (2).

It is understood that in the event the bond referred to under Subdivision (4) is filed, the undersigned Association shall have no further obligation under Subdivisions (2) and (3).

It is understood that the amount of security provided in Subdivision (2) may be reduced by consent of the parties or by order of the Court or Arbitrator.

It is the intent of this undertaking that the rights of the parties shall be precisely the same as they would have been had the M/V BOW FIGHTER been arrested under the process issued out of the United States District Court for the Southern District of Texas, then taken into custody by the United States Marshal under said *in rem* process, and had been released upon the filing of a release bond in the foregoing amount and a claim of owner.

This letter is written entirely without prejudice to any rights or defenses which the said vessel or its owners may have, including, without limiting the generality of the foregoing, the right to demand an immediate stay of the proceedings at court pending arbitration, the right to contest *in rem* jurisdiction, *in personam* jurisdiction, *in personam* service of process, the amount of the security, the failure to state an *in rem* cause of action against the vessel, venue, the right to seek counter cross-security, the right to seek enforcement of a forum selection clause or choice of law or to restrict any appearance pursuant to Rule E(8) of the Supplemental Rules for Certain and Maritime Claims, but by your acceptance of this letter you neither stipulate nor agree existence or enforceability of any such right(s) or defense(s). This letter is limited *in rem* claim which may be asserted by you against the M/V BOW FIGHTER, as set forth above is to run only in favor of Citgo Petroleum Corporation on its own behalf and as subrogee of Tricon Energy, Ltd. It is also understood that the authority of this letter's signatory to act on behalf of the vessel or its owner is limited to the agreements which have been set forth herein.

LETTER OF UNDERTAKING

Citgo Petroleum Corporation on its own behalf    Page 3
and as subrogee of Tricon Energy, Ltd.    January 7, 2008
c/o Chaffe McCall, L. L. P.

It is also understood that this undertaking may not be assigned by you to any third party (except any subrogated underwriter), without the written authorization from The Britannia Steamship Insurance Association Limited. It is further a condition of this undertaking that it may not be enforced by any party other than Citgo Petroleum Corporation on its own behalf and as subrogee of Tricon Energy, Ltd. or any interested underwriter subrogated to a claim for damages resulting from the matters asserted in the lawsuit above-referenced.

It is understood and agreed that the signing of this letter by an attorney with Cohen, Gorman & Putnam, L.L.P., shall in no way be construed as binding upon him or it or any of its partners, but is to be binding only upon the Association.

                Very truly yours,

                THE BRITANNIA STEAMSHIP INSURANCE
                ASSOCIATION LIMITED

                By:_____
                Mark Cohen
                (As Attorney-in-Fact for the above
                purpose only, per telephone auth. received
                by email on January 3, 2008.

01504.correspondence.revised LOU.01/07/08

*[Stamp: DEFENDANT'S EXHIBIT 4:07-CV-2950 PG 3 of 3]*
*[Handwritten: Submitted as Evidence Only]*

|   LETTER OF UNDERTAKING   |