UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CITGO PETROLEUM CORPORATION, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-2950 |
| | § | |
| ODFJELL SEACHEM, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is a motion to compel mediation filed by plaintiff CITGO Petroleum Corporation ("Citgo") (Dkt. 139) and a suggestion that defendant YPF S.A.'s ("YPF") third-party claim against third-party defendants Odfjell Seachem A.S. and Odfjell Asia II Ltd. (collectively, "Odfjell") be dismissed (Dkt. 143). Citgo filed its motion to compel on November 4, 2013. Dkt. 139. YPF filed a response in which it indicated it was willing to mediate if the court ordered Odfjell to attend. Dkt. 141. YPF asserted that it does not believe mediation will be fruitful without Odfjell. *Id.* The court held a hearing on the motion to compel on November 20, 2013. Dkt. 142. Citgo and YPF appeared, but Odfjell did not participate in the hearing. *Id.* The court took the matter under advisement. *Id.*

On December 12, 2013, Odfjell filed a statement in opposition to attending mediation and suggestion that YPF's third-party claims against Odfjell be *sua sponte* dismissed. Dkt. 143. Odfjell points out that YPF's claim against it is stayed because the claim is subject to arbitration and that it should not be required to mediate a claim that it contractually agreed to arbitrate. *Id.* Odfjell notes that the court stayed YPF's claim against Odfjell on April 7, 2009, so that YPF could pursue arbitration, and it has failed to do so. *Id.* Odfjell asserts that any potential claim YPF had against

it relating to this matter are time-barred and thus requests that the court *sua sponte* dismiss the claim. *Id.*

First, with regard to the motion to compel (Dkt. 139), the court will not order Odfjell to mediate. However, the court believes mediation could be of benefit Citgo and YPF. Citgo's motion to compel mediation (Dkt. 139) is therefore GRANTED. Citgo and YPF are ORDERED to mediate their dispute within thirty days of the date of this order.

Second, with regard to Odfjell's suggestion that the court *sua sponte* dismiss YPF's claim against it, Odfjell's points are well taken. YPF has failed to initiate arbitration against Odfjell even though it requested a stay to do so four and a half years ago. *See* Dkt. 143. It appears that it is too late to obtain relief against Odfjell even if YPF were to initiate arbitration now. *See* Dkt. 143, Ex. 1. Thus, the court is left with a third-party claim against Odfjell that has been stayed for several years with no resolution in sight. The court therefore is inclined to dismiss YPF's claim against Odfjell. However, it will first provide an opportunity for YPF to respond to the points raised in Odfjell's suggestion that the court dismiss the claim. YPF is ORDERED to file a response to Odfjell's suggestion within twenty days of the date of this order.

Finally, as the court noted during the hearing on the motion to compel, this case is very old and needs to be moving towards resolution more quickly. Towards that end, the court will be setting this case for trial in an order filed concurrently with this one.

Signed at Houston, Texas on December 19, 2013.

_____
Gray H. Miller
United States District Judge

2